UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RUTH WHITAKER,

        Plaintiff,

v.                                   Case No.  5:06-cv-102-Oc-10GRJ

JO ANNE B. BARNHART, Commissioner of
Social Security,

        Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Defendant's Motion For Entry Of Judgment With Remand. (Doc. 12.)  Pursuant to Local Rule 3.01(g), defense counsel conferred with Plaintiff's counsel, who has no objection to remand to the extent that the Commissioner admits error. Plaintiff has filed, however, a Response (Doc. 13) disputing the Commissioner's request that an ALJ again be permitted to conduct proceedings that the Court previously ordered and instead requests the Court to direct on remand that the opinions of several treating physicians be deemed true as a matter of law. For the reasons that follow, the Defendant's Motion For Entry Of Judgment With Remand is to be **GRANTED** as directed in this report and recommendation.

## DISCUSSION

Defendant, Jo Anne B. Barnhart, Commissioner of Social Security (the "Commissioner") requests the Court to remand this case to the Commissioner in order

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal

for an Administrative Law Judge ("ALJ") to reconsider Plaintiff's case in accordance with this Court's February 7, 2005 Order and to give further consideration to the issue of whether Plaintiff's employment activity from December 1992 through October 1993 was substantial gainful activity ("SGA"). If such work is determined not to be SGA, the Commissioner requests that the ALJ obtain testimony from a medical expert ("ME") with a speciality in psychiatry. Furthermore, the Commissioner requests that the ALJ obtain additional evidence from a vocational expert ("VE") to address Plaintiff's residual functional capacity ("RFC") and vocational profile in order to discern whether Plaintiff can perform jobs which exist in significant numbers in the national economy. Lastly, the Commissioner requests that the Court direct the ALJ to utilize hypothetical questions posed to the VE that reflect the specific limitations in Plaintiff's RFC.[2]

Plaintiff filed a Response to Commissioner's Motion for Remand (Doc. 13) requesting the Court to remand this case to the ALJ with specific instruction to address the ALJ's conflicting conclusions regarding Plaintiff's employment history for the 1992 to 1993 period. Further, Plaintiff requests the Court to require the ALJ to find the uncontradicted opinions of Drs. Munro and Mehta true as a matter of law under the mandate rule.[3]

---

[2] The Court notes that these directives bear substantial similarities to those issued by this Court in two prior decisions both reversing and remanding this claim to the Commissioner. See Whitaker v. Barnhart, Case No. 5:04-cv-431-Oc-10GRJ (M.D. Fla. Feb. 4, 2005); See also Whitaker v. Barnhart, Case No. 5:01-cv-382-Oc-10GRJ (M.D. Fla. Oct. 29, 2002). The Court reiterates that on remand the Commissioner should appropriately and diligently address the issues raised in its Orders.

[3] Relying upon Sullivan v. Hudson - in which the Supreme Court found that the district court retains the power that its prior mandate is effectuated - and MacGregor v. Bowen - in which the Eleventh Circuit held that the Court should accept as true the opinion of a treating physician where the Commissioner has failed to specify the weight to be given to the opinion - Plaintiff argues that the Court require the ALJ, for failure to properly reject a treating physician opinion, to deem the opinion true as a

(continued...)

Pursuant to Title 42, United States Code, Section 405(g), the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a rehearing.[4] The failure of the ALJ to develop the record constitutes sufficient grounds for remand.[5] Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow him to explain the basis for his decision.[6] On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence.[7]

In its most recent Order reversing and remanding this case to the Commissioner for further proceedings,[8] the Court directed the ALJ: (a) to consider further the issue of whether Plaintiff's work activity performed during the period from December 1992 through October 1993 was substantial gainful activity, and if that work was not substantial gainful activity, (b) to re-evaluate and accord substantial weight to the opinions of treating sources, Drs. Munro and Mehta; (c) to further consider the issues of

---

[3](...continued)
matter of law. 490 U.S. 877; 109 S.Ct. 2248; 104 L.Ed. 2d 941 (1989); 786 F.2d 1050 (11th Cir. 1986).

[4] Shalala v. Schaefer, 509 U.S. 292, 113 S. Ct. 2625 (1993).

[5] Brissette v. Heckler, 730 F.2d 548 (8th Cir. 1984), *appeal after remand* 613 F. Supp. 722 (E.D. Mo. 1985), *judgment aff'd in part, rev'd in part,* 784 F.2d 864 (8th Cir. 1986).

[6] Falcon v. Heckler, 732 F.2d 827, 829-30 (11th Cir. 1984) (holding remand was appropriate to allow the ALJ to explain the basis for the determination that the claimant's depression did not significantly affect her ability to work and treating psychologist acknowledged that claimant had improved in response to treatment and could work in a supportive, noncompetitive, tailor-made work environment).

[7] See Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider psychiatric report tendered to Appeals Council); Reeves v. Heckler, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (holding that the ALJ should consider on remand the need for an orthopedic evaluation).

[8] R. 1176-1179.

Plaintiff's mental limitations and mental residual functional capacity with the assistance of a ME with a specialty in psychiatry; and (d) to obtain supplemental evidence from a VE.

A review of the ALJ's most recent decision discloses that the ALJ only appropriately addressed two of this Court's directives. The ALJ adequately addressed the Court's directive to re-evaluate and accord substantial weight to Plaintiff's treating physicians and to elicit testimony from a VE.[9] The ALJ did not, however, adequately address the Court's directives to consider whether Plaintiff's work activity performed during the period of December 1992 through October 1993 was SGA nor did the ALJ utilize a ME to evaluate Plaintiff's mental limitations.[10]

At the most recent supplemental hearing, the ALJ asked Jane Bougher, a VE, hypothetical questions regarding Plaintiff's vocational profile in order to discern the jobs that existed in significant numbers in the national economy that Plaintiff could have performed.[11] Ms. Bougher testified that if Plaintiff, at the age of 45, had a GED and a RFC of a maximum sustained exceptional work capacity to preform sedentary work, Plaintiff could perform the job of a food and beverage clerk, hand packager or a surveillance system monitor, all of which were available in significant numbers in the national and state economy.[12] Next, Plaintiff's attorney added to the hypothetical, a mental impairment, evidenced by two mental RFC assessment forms completed by

---

[9] Directives (b) and (d), respectively.

[10] Directives (a)and (c).

[11] R. 1245-49

[12] R. 1246-47.

4

Plaintiff's treating physicians. In response, Ms. Bougher testified that Plaintiff could not perform any of the listed jobs due to those limitations.[13]

At the conclusion of the hearing, the ALJ found that Plaintiff was not disabled and that his conclusion was supported by the VE's testimony regarding unskilled jobs available in the national and state economy, as well as by application of the Medical-Vocational Rule 202.27.[14] When determining whether Plaintiff was capable of performing the jobs suggested by the VE, the ALJ discredited Plaintiff's allegations of pain and mental impairments.[15] The ALJ in doing so failed to completely substantiate his opinion by questioning a ME with a speciality in psychiatry, which would have offered more insight into Plaintiff's mental limitations and mental RFC.

In order for Plaintiff to establish disability *and* eligibility to receive benefits, both the periods of insured status, from October 1986 through December 1991,[16] *and* Plaintiff's work activity, from December 1992 through October 1993, are relevant.[17] The ALJ stated that the first step in the analysis is to decide whether a claimant was under a disability prior to her date last insured, and the ALJ went no further when finding that

---

[13] R. 1248-49.

[14] R. 1168

[15] Even though the ALJ discussed Dr. Munro's reports of Plaintiff's mental impairments first manifesting in December 1990 and Dr. Mehta's reports of Plaintiff's worsening symptoms in December 1991, the ALJ stated that Dr. Kolin's opinion in August 1991 that Plaintiff was improving took precedence. R. 1170-72.The ALJ substantiated this opinion by finding the Plaintiff's psychiatric problems were self-inflicted for not taking prescribed medication as directed, which occurred in December of 1991. Further, the ALJ opined that Dr. Kolin was an independent expert who gave a mental status examination, while Plaintiff's treating physicians only gave initial evaluations during the alleged period, and mental evaluations only later in 1997 and 1999, respectively. R. 1171.

[16] On the record, the ALJ stated that a ME was not available for the hearing. R. 1231.

[17] The ALJ, in the decision, stated, "the civil court expounded on this issue, is a moot point." R. 1168.

Plaintiff was not disabled.[18] However, the Court's Remand Order specifically instructed the ALJ to re-evaluate and accord substantial weight to the opinions of treating physicians Drs. Mehta and Munro, *and* obtain a ME. While the ALJ clearly articulated why Dr. Kolin's evaluation was more credible than the opinions of Drs. Mehta and Munro, the ALJ failed to obtain a ME with a speciality in psychiatry as directed by this Court.

Contrary to the suggestion by the ALJ, the issue of whether Plaintiff engaged in substantial gainful activity from December 1992 through October 1993 is relevant to the determination of Plaintiff's eligibility to receive benefits.[19] Plaintiff applied for a period of disability and disability insurance benefits on August 19, 1994.[20] Plaintiff would need to establish that she was disabled during a period ending no earlier than August 19, 1993 to receive benefits. Thus, Plaintiff's work activity from December 1992 through October 1993 is relevant,[21] and will, therefore, need to be evaluated by the ALJ on remand to the extent that Plaintiff is found to be disabled.[22]

---

[18] Id.

[19] See Whitaker v. Barnhart, Case No. 5:01-cv-382-Oc-10GRJ, page 12 (M.D. Fla. Oct. 29, 2002); R. 936. According to 20 CFR § 404.315, to be entitled to disability benefits when you are not currently disabled, you have to have had a disability that ended within 12 months before you applied.

[20] R. 1167-68.

[21] Even though, the ALJ asserted that Plaintiff's job during that time was substantial gainful activity under CFR §§ 404.1510, 404.1572 and 404.1574, the ALJ also discussed that the earnings might count as service months in a 9-month trial work period, which would excuse any substantial gain. R. 1167-68.

[22] This would be especially appropriate because the ALJ did not give Plaintiff the opportunity to put on evidence regarding work at the most recent hearing. The ALJ stated, "I'm going to consider then that you didn't work anywhere substantially within the last 15 years," and went on to state, "No past relevant work that I'm going to address here." R. 1233, 1245.

Although the Court is sympathetic to the fact that Plaintiff's claim has been previously remanded twice due to error by the ALJ, this case is different from the circumstances presented in *McGregor*.[23] In *McGregor*, the Eleventh Circuit held that the opinion of a treating physician may be deemed true as a matter of law where the Commissioner fails to properly consider it.[24] Here, the ALJ considered the diagnosis and treating opinions of Drs. Mehta and Munro, but found Dr. Kolin's mental status examination more credible for the relevant time period, and additionally, found that with proper treatment Plaintiff's conditions improved.[25] While not complying with the Court's instructions, the ALJ did substantiate the weight given to those treating physicians and explained why Drs. Munro and Mehta's opinions were ultimately rejected.[26] That the ALJ did not specifically follow the Court's Order is not sufficient to support the mandate doctrine and is not sufficient to deem the opinions of Plaintiff's treating physicians true as a matter of law.

Consequently, the Court has no choice but to reverse and remand to the Commissioner for further action consistent with the Commissioner's motion. The only

---

[23] 786 F.2d 1050.

[24] Id. at 1053.

[25] R. 1171-72. In fact, according to the ALJ's decision, Dr. Munro indicated that Plaintiff's conditions only deteriorated in December 1991 because she stopped taking prescribed medication. R. 1171.

[26] Along with Dr. Kolin's contradicting mental evaluation, the ALJ also noted that the treating physicians did not complete written evaluations until far after the alleged onset of depression. Id.

relief requested by Defendant is remand[27] - and consistent with *Sullivan*[28] - the Court retains the power to direct that its prior mandates are effectuated. The ALJ failed to meet two of the four directives previously ordered by the Court. The Court reminds Defendant that the Court's previous Orders were entered for the purpose of clarifying and explaining the ALJ's reasoning, as prescribed by law. To appropriately decide this case, the Court finds it necessary for the ALJ to reevaluate the record and obtain additional testimony from a ME, and then after evaluating the Plaintiff's RFC on remand, to pose appropriate questions to a VE consistent with the new findings.

## RECOMMENDATION

Therefore, following a careful review of the record, the Court determines that Defendant's Motion For Entry of Judgment With Remand is due to be **GRANTED** and that it is appropriate to remand this matter to the Commissioner for further proceedings consistent with the directives in this report and recommendation.

Accordingly, this action is due to be **REVERSED and REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), in order for an ALJ to: (a) consider Plaintiff's case in accordance with this Court's February 7, 2005 Order; (b) obtain testimony from a ME with a specialty in psychiatry to fully consider the issues of Plaintiff's mental limitations and mental RFC;  (c) further evaluate the opinions of treating

---

[27] Additionally, Plaintiff also requests remand for further proceedings and not remand with a directive that benefits be awarded.

[28] 490 U.S. 877.

physicians, Drs. Mehta and Munro; (d) after reevaluating Plaintiff's RFC pose appropriate questions to a VE consistent with the limitations found in the RFC, and if the ALJ determines that Plaintiff is disabled,  (e) evaluate whether Plaintiff's employment activity from December 1992 through October 1993 constituted SGA for the purpose of Plaintiff's eligibility to collect benefits; and (f) conduct any further proceedings the Commissioner deems appropriate. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IN CHAMBERS** in Ocala, Florida, on August 14, 2006.

GARY R. JONES
United States Magistrate Judge

Copies to:

Honorable Wm. Terrell Hodges
Senior United States District Judge

All Counsel